**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**BETH MCFADIN HIGGINS**
McFadin Higgins & Folz, LLP
Mt. Vernon, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana



FILED

Aug 22 2012, 9:36 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN THE MATTER OF T.B., A CHILD ALLEGED TO BE A DELIQUENT CHILD, | ) ) ) | |
| Appellant-Respondent, | ) ) | |
| vs. | ) ) | No. 65A04-1203-JV-146 |
| STATE OF INDIANA, | ) ) | |
| Appellee-Petitioner. | ) ) | |

APPEAL FROM THE POSEY CIRCUIT COURT
The Honorable James M. Redwine, Judge
Cause No. 65C01-0908-JD-179

**August 22, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

<u>Case Summary and Issue</u>

T.B.B. appeals a juvenile court order requiring that he register as a sex offender. He raises the sole issue of whether sufficient evidence was presented to sustain such an order. Concluding that sufficient evidence was presented, we affirm.

<u>Facts and Procedural History</u>

In August 2009, the State filed several documents alleging that T.B.B., a juvenile, sexually molested a child under fourteen years of age, which is a Class C felony if committed by an adult. In April 2010, T.B.B. admitted the allegation and was adjudicated a delinquent child. At a dispositional hearing on June 7, 2010, T.B.B. was placed on probation for twelve months and was ordered to complete offender-specific counseling. The State later requested that T.B.B. register as a sex offender, and on November 21, 2011, the juvenile court held an evidentiary hearing regarding this request.

On February 27, 2012, the juvenile court ordered that T.B.B. register as a sex offender, and entered the following findings of fact and conclusions of law:

Findings of Fact
***
B.
Expert Evidence

David Cerling, Ph.D., reported he was asked by [T.B.B.]'s attorney to give a second opinion regarding [T.B.B.]'s emotional and psychological functioning with regard to the child molesting admission.
***
[T.B.B.] reported to Dr. Cerling he had masturbated himself and his three year younger cousin on a regular basis from when [T.B.B.] was age 9 until age 16. He also, [sic] reported being "very sexually active" and having sexual encounters with sixty-seven women.
***
According to Dr. Cerling's evaluation, [T.B.B.], "[H]ad no concept that what he did was actually illegal." . . .

Cerling evaluated [T.B.B.]'s risk to reoffend using the Sexual Risk-20 tool. Among these twenty factors Cerling's assessment was that there had

2

been no physical harm to any victim, [T.B.B.] had used no threats, and there had been only one victim. Cerling was apparently unaware [T.B.B.] had been charged with molesting his female cousin and had allegedly forcibly assaulted her. Dr. Cerling was, also, apparently unaware [T.B.B.] had threatened to kill his younger male cousin if he told of the molestation.

Dr. Cerling's evaluation was that [T.B.B.] is a moderate risk to reoffend. Dr. Cerling made his assessment on the basis of an interview on November 17, 2011.

Sean Samuels, Psy.D., found [T.B.B.] to be a high risk to reoffend. Dr. Samuels based his evaluation on interviews held June 28, 2011, June 30, 2011, August 2, 2011 as well as results from a Mental Status Examination, a Minnesota Multiphase Personality Inventory, a Psychopathy Checklist and a Multiphasic Sex Inventory.

Among the findings by Dr. Samuels was the opinion, "[T]here is no significant evidence indicating [T.B.B.] will cease demonstrating grandiose, egocentric, manipulative, dominant, forceful, exploitative, and cold-hearted interpersonal interactions. Affectively, [T.B.B.] continues to be likely to display shallow and labile emotions, be unable to establish and maintain long-lasting bonds to people, principles, or goals, and is lacking in empathy and genuine guilt and remorse."

Samuels also reported, "Results indicate [T.B.B.] has attributes which underlie and support the condition of sexual deviance," and that, "[T.B.B.] demonstrates little contrition for his actions indicating he may have incentive for change."

\*\*\*

## C.
### Other Evidence
### (A)

\*\*\*

The Court finds it has been proved by Clear and Convincing evidence that [T.B.B.], seventeen when adjudicated and now twenty years of age, is likely to repeat an act of child molesting or other Sex or Violent Offense as defined by IC-11-8-8,et seq., [sic] and he should be ordered to register for the next ten years as a Sex Offender.

## II.
### Conclusions of Law
\*\*\*

[T.B.B.] was ordered into a program of treatment to address his particular offense and needs. He remains a high risk to reoffend.

\*\*\*

Appellant's Appendix at 125-27.

T.B.B. now appeals.

3

## Discussion and Decision

### I. Standard of Review

When determining the sufficiency of the evidence supporting a decision to place a juvenile on a sex offender registry, we neither reweigh the evidence nor judge the credibility of the witnesses. Z.H. v. State, 850 N.E.2d 933, 936 (Ind. Ct. App. 2006), trans. denied. Instead, we look to the evidence and the reasonable inferences that can be drawn therefrom that support the juvenile court's decision, and we will affirm unless it may be concluded that no reasonable fact-finder could find the elements of the Sex Offender Registration Act to have been proven by clear and convincing evidence. R.G. v. State, 793 N.E.2d 238, 240 (Ind. Ct. App. 2003), trans. denied.

### II. Sex Offender Registration

A juvenile may be found to be a sex offender under the Sex Offender Registration Act if he is:

> a child who has committed a delinquent act and who:
> (A) is at least fourteen (14) years of age;
> (B) is on probation, is on parole, is discharged from a facility by the department of correction, is discharged from a secure private facility (as defined in IC 31-9-2-115), or is discharged from a juvenile detention facility as a result of an adjudication as a delinquent child for an act that would be an offense described in subsection (a) if committed by an adult; and
> (C) is found by a court by clear and convincing evidence to be likely to repeat an act that would be an offense described in subsection (a) if committed by an adult.

Ind. Code § 11-8-8-5(b)(2). In deciding whether to place a juvenile on a sex offender registry, a juvenile court "shall consider expert testimony" concerning whether a juvenile is likely to reoffend. Ind. Code § 11-8-8-5(c). Thus, before a juvenile may be ordered to register as a sex offender, the juvenile court must hold an evidentiary hearing and find by

4

clear and convincing evidence that the juvenile is likely to commit another sex offense. See J.C.C. v. State, 897 N.E.2d 931, 934 (Ind. 2008).

T.B.B. first argues the juvenile court should not have considered Dr. Samuels's report and conclusion that T.B.B. poses a high risk of reoffending because Dr. Samuels evaluated T.B.B. before T.B.B. completed his treatment program. See id. at 934-36 (explaining that an expert's testimony or other evidence must analyze whether the juvenile has been rehabilitated subsequent to discharge from detention or completion of a treatment program). The State disputes this factual claim, and refers us to a portion of Dr. Samuels's report:

> Documentation provided by Southwestern Behavior Healthcare, Inc. indicates [T.B.B.] participated in individual therapy with Andrew Puntney, LCSW between June 24, 2010 and February 8, 2011. . . . [D]ocumentation indicates [T.B.B.] ". . . Complied with tx. (sic) plan and submitted a relapse prevention plan." As such, [T.B.B.] was identified as successfully completing treatment and meeting all goals.

Appellant's App. at 88 (parenthetical and latter ellipses in original).

Dr. Samuels evaluated T.B.B. from March 15 to March 30, 2010, and again on June 28, June 30, and August 11, 2011. Transcript at 10. These latter three sessions took place after February 8, 2011, when T.B.B. completed his offender-specific training by the Southwestern Behavior Healthcare, Inc. The juvenile court also recognized this sequence of events and explicitly stated so in its findings of fact: "Both Samuels and Cerling made their assessments after [T.B.B.] had completed his court-ordered offender/offense

5

specific treatment plan which took place over several months after [T.B.B.]'s admission and as a part of his depositions."[1] Appellant's App. at 126-27.

Although we disagree with T.B.B.'s attempt to disqualify Dr. Samuels's report and look solely to Dr. Cerling's report, we address T.B.B.'s next contention for the sake of argument. Upon narrowing the expert testimony to Dr. Cerling's report alone, T.B.B. further argues that Dr. Cerling's conclusion that T.B.B. poses only a "moderate risk" of reoffending is insufficient to sustain the trial court's order that he register as a sex offender. A "moderate risk" of reoffending is insufficient, T.B.B. argues, to meet the clear and convincing standard provided in the statute.

> The "clear and convincing" standard is an intermediate standard of proof that: lies between a preponderance of the evidence and beyond a reasonable doubt which is required to find guilty in criminal prosecutions. The burden of proof by clear and convincing evidence is not a burden of convincing you that the facts which are asserted are certainly true or that they are almost certainly true or are true beyond a reasonable doubt. It is, however, greater than a burden of convincing you that the facts are more probably true than not true.

J.C.C., 897 N.E.2d at 934 (quotation omitted).

T.B.B.'s present argument is similar to that of the juvenile who challenged the juvenile court's order that he register as a sex offender in B.W. v. State, 909 N.E.2d 471 (Ind. Ct. App. 2009). In B.W., the juvenile's counselor acknowledged that he improved throughout counseling, and that the counselor did not believe the juvenile should be required to register as a sex offender, even upon concluding the juvenile posed a "moderate risk" of reoffending. The juvenile court weighed the evidence and "apparently" gave "substantial weight" to the counselor's opinion that the juvenile posed

---

[1] T.B.B. argues that the juvenile court should have afforded greater weight to Dr. Cerling's evaluation than to Dr. Samuels's evaluation because Dr. Cerling's was more recent. We decline this invitation to reweigh the evidence.

6

a moderate risk of reoffending, even after progressing and completing his treatment. Id. at 479. The juvenile court ordered that the juvenile register and we affirmed in deference to the juvenile court's weighing of the evidence and upon concluding that a moderate risk of reoffending could meet the clear and convincing evidence standard.

Similar to the juvenile court in B.W., the juvenile court which addressed T.B.B.'s case was presented with a significant amount of evidence regarding T.B.B.'s psychological state and relevant circumstances. To the extent T.B.B. argues that one expert's conclusion that he posed only a moderate risk of reoffending cannot properly lead to a court order requiring registration, we disagree. The juvenile court here did not merely look to the final conclusion of either doctor's report as to T.B.B.'s likelihood to reoffend. Rather, the juvenile court properly considered and weighed all evidence and the details of the reports. For example, in reviewing Dr. Cerling's report, the juvenile court noticed Dr. Cerling made several factual assumptions which were incorrect, e.g., there had been no physical harm to any victim, T.B.B. had used no threats, and there had been only one victim. Even without Dr. Samuels's report, the trial court knew these assumptions to be incorrect. Dr. Cerling's errors would reasonably lead the juvenile court to find that Dr. Cerling's underestimated T.B.B.'s risk of reoffending to some extent.

In sum, Dr. Samuels conducted a thorough evaluation after T.B.B. completed his counseling, and concluded that T.B.B. posed a high risk of reoffending. T.B.B.'s challenges to Dr. Samuels's evaluation are unpersuasive, and this thorough, comprehensive report supports the trial court's decision to order that T.B.B. register. For the sake of argument, even if we were to set aside Dr. Samuels's report and rely on Dr.

Cerling's report alone, which states that T.B.B. poses a moderate risk of reoffending, such statement and the other evidence presented is sufficient to support the juvenile court's order as well.

<u>Conclusion</u>

Sufficient evidence was presented to sustain the juvenile court order requiring T.B.B. register as a sex offender. Therefore we affirm.

Affirmed.

BAKER, J., and BRADFORD, J., concur.